## Moses K. Moody & others *vs.* Noah D. Gay & others.

This court has not jurisdiction in equity to make a decree against a defendant personally, who never has been an inhabitant of the Commonwealth, or served with process here. This court has jurisdiction in equity under *Sts.* 1851, *c.* 206, and 1858, *c.* 34, of a bill ag^¹nst the mortgagee of real estate in the Commonwealth, whose mortgage has not been foreclosed, and who in fraud of his creditors has transferred the promissory note secured by the mortgage to a person out of the jurisdiction, to compel the payment of a debt of the mortgagee out of the mortgaged premises.

Hoar, J. By the provisions of *St.* 1851, *c.* 206, and of *St.* 1858, *c.* 34, this court has jurisdiction in equity " upon a bill by any creditor, to reach and apply, in payment of a debt due from any debtor, any property, right, title or interest, legal or equitable, of such debtor, within this commonwealth, which cannot be come at to be attached or taken on execution, in a suit at law against such debtor."

The bill alleges that the defendant Pitkin, who is an inhabitant of this commonwealth, is the owner of certain notes secured by mortgage of real estate in Springfield in the county of Hampden, made to him by the defendant Blanchard; and seeks to apply the same to the satisfaction of a debt due from the defendants Gay and Pitkin to the plaintiff. Pitkin, in his answer, alleges that before the filing of the bill he sold and transferred the notes and mortgages to Arthur Pendleton of Hartford in Connecticut. The plaintiff, by his amended bill, denies that Pitkin made any such sale or transfer; and avers that if he did, he did it fraudulently, for the purpose of defeating his creditors, and that Pendleton holds the notes and mortgages in trust for Pitkin; and makes Pendleton a party defendant, praying for discovery and relief. To this amended bill Pendleton has demurred for want of jurisdiction.

There can be no doubt that, so far as proceedings against Pendleton are concerned, the demurrer is well taken. He is not, and has not been, an inhabitant of this commonwealth, and therefore is not subject to the jurisdiction of the court. *Spurr* v. *Scoville*, 3 Cush. 578. *Bodurtha* v. *Goodrich*, 3 Gray,

508. *Macomber* v. *Jaffray*, 4 Gray, 82. A court of equity can only deal with persons who can be compelled by process to perform its decrees; and with property, which is either situated within the limits to which its jurisdiction extends, or which can be reached through the action of parties who are amenable to its authority. No decree, operating *in personam*, can be made against Pendleton. If he were the only party defendant, upon the principles stated in *Spurr* v. *Scoville*, the bill must be dismissed. And it has been argued on his behalf, that, as the notes are not within this commonwealth, and the land is merely incidental to the notes, there is no property before the court which can be the foundation of a judgment *in rem.*

It is true that, as a general proposition, the doctrine has often been stated, that " before foreclosure, a mortgagee has no absolute estate, but the mortgage is a mere incident to the debt." But it does not follow that, under the very broad provisions of the *St.* of 1851, a mortgagee may not have an interest in property mortgaged, which may be applied in payment of his debts. In the case before us, it is charged that Pitkin is the equitable owner of the notes and mortgages. He is within the jurisdiction of the court, and can be compelled to convey all his interest in them for the benefit of the plaintiff. He is in possession of the mortgaged estates for the purpose of foreclosure. If his conveyance to Pendleton was really fraudulent and void against creditors, he is receiving the rents and profits to his own use. The foreclosure, if completed, will operate as a satisfaction in whole or in part of the debt of Blanchard to him. He cannot be allowed to set up his agency for his own fraudulent grantee, against the just claims of his creditors. The land is within the jurisdiction of the court, and it does not appear that Pendleton will ever seek to avail himself of his fraudulent title. Until he does, the right of the plaintiff to the rents and profits as against Pitkin can be vindicated, and it will be time enough to consider the claims of Pendleton when he shall appear to assert them.

The judgment of the court is therefore that the demurrer of Pendleton be sustained; and that the suit proceed as between

the other parties. If Pendleton is apprehensive that his rights may be affected by the final decree, he is at liberty to protect them by becoming a party to this suit, and appearing therein, if he shall see fit. *Decree accordingly.*

*F. Chamberlin,* for the defendant Pendleton.

*T. Wells,* for the plaintiffs.